J-S08010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| TAYLOR JACQUE CROWDER | : | |
| | : | |
| Appellant | : | No. 697 WDA 2017 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006071-2016

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 9, 2018**

Taylor Jacque Crowder ("Crowder") appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction for person not to possess a firearm.[1]  Upon careful review, we affirm.

The trial court sets forth the factual history of the case as follows:

On April 10, 2015, at approximately 12:11 a[.]m[.], Jermaine Copeland was seated at the bar in Pearl's Café in Homestead, Pennsylvania, where he was shot one time despite the fact that there were multiple gunshots fired.  The person who shot him fled from the bar before the police arrived to investigate this shooting. The owner of the bar, Charles Thomas, was called and he went to the bar and turned over to the police a CD showing the video from three different camera angles of what transpired in the bar.  When Thomas viewed the video, he identified the individual who shot Copeland as Crowder.  Ian Strong of the Homestead Police Department also viewed that video, and identified Crowder and

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

_____

\*   Former Justice specially assigned to the Superior Court.

stated that he recognized him immediately and he was positive in his identification. James Caterino of the Homestead Police Department had met Crowder on numerous occasions, and identified him from the videotape and was positive of his identification. James Ilgenfritz of the Homestead Police Department knew Crowder from past dealings and was the individual who arrested Crowder on June 9, 2015. After he arrested Crowder, he was shown the video and he was also positive in his identification of Crowder being the individual who shot Copeland.

Trial Court Opinion 10/24/17, at 2-3.

At trial, Crowder testified that he was not in the bar and did not shoot Copeland, but identified an individual called "B," or "Brandon," as the shooter. Crowder stated that "B" is similar in height and build to himself. Additionally, Devonte Witherspoon testified that he was at the bar when the shooting occurred and also identified "B" as the shooter. However, Witherspoon admitted to being Crowder's good friend and said that he would do anything to protect Crowder.

On June 6, 2016, Crowder was convicted by a jury of the charge of person not to possess a firearm. On September 19, 2016, Crowder was sentenced to four to eight years' incarceration, followed by a period of three years' probation. On December 19, 2016, Crowder filed a post-sentence motion for a new trial *nunc pro tunc*,[2] which was denied, following a hearing,

---

[2] On September 29, 2016, without having filed post-sentence motions or a notice of appeal, trial counsel filed a motion to withdraw from his representation. The court granted that request on October 13, 2016, and appointed the Allegheny County Public Defender's Office to represent Crowder.

by order dated March 9, 2017. Crowder's appellate rights were reinstated, *nunc pro tunc*, on May 3, 2017.[3] Crowder timely filed a notice of appeal and a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Crowder challenges the trial court's denial of his motion requesting a new trial based on the weight of the evidence.

Crowder claims that the trial court improperly refused to grant a new trial because the verdict was against the weight of the evidence. Crowder asserts that based on the low quality of the videotape used by the officers to identify him, lack of forensic evidence, and the testimony of Witherspoon identifying "B" as the shooter, the trial court abused its discretion when it denied his motion. He is entitled to no relief.

We review a weight of the evidence claim according to the following standard:

_____

New counsel, Brandon P. Ging, Esquire, filed an emergency petition requesting permission to file a post-sentence motion *nunc pro tunc*. On October 18, 2017, the trial court granted the request and directed counsel to file Crowder's post-sentence motion within 60 days.

[3] For reasons unknown, the trial court's March 9, 2017 order, denying Crowder's post-sentence motion, was not docketed until April 20, 2017. In the meantime, on April 19, 2017, the clerk of courts entered an order formally denying Crowder's post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). Due to the confusion, and to avoid the loss of Crowder's appellate rights in the event that a future court deemed March 9, 2017 to be the date on which his post-sentence motions were denied for purposes of filing an appeal, counsel, in an abundance of caution, filed a motion to reinstate Crowder's appellate rights *nunc pro tunc*.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012), quoting *Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011).

Here, four people, including the owner of the bar and three police officers, all of whom had prior dealings with Crowder, identified Crowder as the shooter from the videotape. The jury had the opportunity to view the videotape and to assess the witnesses' credibility. It does not shock the conscience that the jury accepted the Commonwealth's witnesses as credible and rejected the testimony of Witherspoon, who admitted that he would do anything to help Crowder. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (unless evidence so unreliable as to make verdict pure conjecture, weight claim based on credibility of testimony not cognizable). Accordingly, the trial court did not abuse its discretion when it denied Crowder's post-sentence motion for a new trial.

Judgment of sentence affirmed.

J-S08010-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2018

- 5 -